IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DANNY LEE YEAKLEY** | § | |
| | § | |
| **V.** | § | A-13-CA-339-SS |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 6); and Petitioner's Reply (Document 8). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

### A.   Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 22nd Judicial District Court of Hays County, Texas. Petitioner was convicted of the felony offense of driving while intoxicated. Punishment, enhanced by two prior felony convictions for the offenses of theft and driving while intoxicated, was assessed at 27 years' imprisonment.

Petitioner's conviction was affirmed on February 25, 2011. Yeakley v. State, No. 03-09-00584-CR, 2011 WL 677391 (Tex. App. – Austin 2011, pet. dism'd.). Petitioner filed his petition for discretionary review on August 2, 2011, after being granted an extension until May 27, 2011, to file his petition. The Texas Court of Criminal Appeals dismissed the petition as untimely filed on August 24, 2011. In re Yeakley, PD-0422-11.

Petitioner also challenged his conviction in two state applications for habeas corpus relief. The first was signed on February 28, 2012. The Texas Court of Criminal Appeals dismissed the application on April 25, 2012, because Petitioner's direct appeal was pending at the time Petitioner filed his application. No. 77,443-01 at cover. Petitioner's second state application is signed November 29, 2012. The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on January 30, 2013. Ex parte Yeakley, Appl. No. 77,443-02 at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was harmed by the trial court's failure to appoint him counsel in cause number 16451, driving while intoxicated, out of the County Court at Law of Austin County, Texas, which was used to enhance Petitioner's Hays County conviction;

2. He was harmed by the trial court's failure to appoint him counsel in cause number 77315-B, driving while intoxicated, out of the County Court at Law of Brazoria County, Texas, which was used to enhance Petitioner's Hays County conviction;

3. The County Court at Law of Austin County, Texas, erred in failing to fully admonish him pursuant to article 26.13 of the Code of Criminal Procedure in cause number 16451;

4. The County Court at Law Number 3 of Brazoria County, Texas, erred in failing to fully admonish him pursuant to article 26.13 of the Code of Criminal Procedure in cause number 77315-B; and

    5.       His trial attorney in Hays County was ineffective by allowing him to stipulate to the two prior misdemeanor DWI's, which were used to enhance his Hays County conviction, because the two prior misdemeanor DWI's were obtained without counsel.

## II.   DISCUSSION AND ANALYSIS

**A.**　**Jurisdiction**

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 491 (1989). Under Supreme Court precedent, however, a habeas petitioner satisfies the "in custody" requirement for purposes of challenging an expired conviction when that challenge may be read as a challenge to the sentence which was enhanced by the expired conviction. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). In Coss, the Court explained once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant did not pursue those remedies while they were available or did so unsuccessfully, the conviction is regarded as presumptively valid, and if it is later used to enhance a criminal sentence, it cannot be challenged under Section 2254 on the ground that it was unconstitutionally obtained. Coss, 532 U.S. at 403-04. There is an exception to the rule of conclusive validity for enhancement convictions that were obtained in violation of the right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335, (1963). See Coss, 532 U.S. at 404 (setting out the exception for enhancement convictions obtained in violation of Gideon).

At the time he filed his federal application, Petitioner had discharged his sentences for his misdemeanor DWIs. Ordinarily, he could not bring a federal habeas petition directed solely at those charges. However, Petitioner alleges he was denied counsel in both misdemeanor cases, which were used to enhance his felony DWI conviction out of Hays County.

Respondent objects and states Petitioner was not denied counsel in either misdemeanor case. Rather, Respondent asserts Petitioner voluntarily waived counsel. Included in the state court records is the Waivers and Admonishments signed by Petitioner in the Austin County, Texas case, which states:

> If I do not have an attorney, I have been advised today by the County Court at Law of Austin County of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

III RR SX1. Also included in the state court records is the Judgment and Immediate Sentence in the Brazoria County, Texas case, which states the case had been called for trial and Petitioner filed a Waiver of Counsel in which he "knowingly, intelligently and voluntarily waived the right to representation by counsel." Id. at SX2.

In light of the state court documents received in this case, Petitioner has failed to show his right to counsel was violated. Therefore, he does not meet the exception outlined in Coss. Accordingly, the Court is without jurisdiction to consider Petitioner's direct challenges to his misdemeanor convictions out of Austin and Brazoria Counties. Alternatively, as discussed below, Petitioner's application for habeas corpus relief is time-barred.

B.     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends Petitioner's conviction became final on May 27, 2011, the date on which Petitioner's petition for discretionary was due, or September 8, 2011, fifteen days after the Court of Criminal Appeals dismissed his petition for discretionary review.[1]  As explained by Respondent, Petitioner's federal application is time-barred regardless of which date is used to

---

[1] Petitioner incorrectly argues his conviction did not become final until the Third Court of Appeals issued mandate on April 9, 2012. In the Fifth Circuit the mandate date is not relevant for determining when a conviction becomes final for § 2244(d)(1)(A) purposes. See Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir. 2003).

calculate his deadlines. Giving Petitioner the most generous application of the limitations period, Petitioner had until September 8, 2012, to timely file his federal application. Petitioner did not execute his federal application until March 21, 2013, more than six months after the limitations period had expired.

Petitioner's first state application did not operate to toll the limitations period, because it was filed during the pendency of Petitioner's direct appeal. See Larry v. Dretke, 361 F.3d 890, 893-94 (5th Cir. 2004) (state writ filed during the pendency of a direct appeal is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore does not toll the AEDPA statute of limitations). In the instant case, because Petitioner filed his February 2012 habeas application before the Third Court of Appeals issued its mandate, the Texas Court of Criminal Appeals lacked jurisdiction to consider the application, and it was not properly filed. Although the state appellate court issued its mandate April 9, 2012, before the Court of Criminal Appeals' dismissed Petitioner's application on April 25, 2012, this timing is of no moment because state law requires that the judgment be final before the prisoner files the state habeas application. See id. at 894–95 (citing Tex. Crim. Proc. Code art. 11.07 § 3(a)).

Petitioner's second state application also does not operate to toll the limitations period. It was filed on November 29, 2012, after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the

claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction to the extent Petitioner directly challenges convictions out of Austin and Brazoria Counties.  It is further recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred to the extent he challenges his Hays County conviction.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of September, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE